# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. OMARA, | CASE NO. 1:11-CV-00812-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART |
| v. | |
| STEVEN SMITH, et al., | (DOC. 15) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |
| / | |

**I.    Background**

Plaintiff Michael A. Omara ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint in Tuolumne County Superior Court on February 25, 2011. Doc. 1. The action was removed to Federal Court on May 18, 2011. Defendants Steven Smith and Jack St. Clair remain in this action. Pending before the Court is Defendants' motion to dismiss, filed June 28, 2011. Defs.' Mot. Dismiss, Doc. 15. Plaintiff filed his opposition on September 21, 2011. Pl.'s Opp'n, Doc. 27. Defendants filed their reply on September 26, 2011. Defs.' Reply, Doc. 28. The matter is deemed submitted pursuant to Local Rule 230(l).

Defendants move to dismiss on the grounds that 1) Plaintiff failed to exhaust administrative remedies as to Defendant St. Clair and 2) Plaintiff failed to state a claim as to each Defendant.

1

## II. Summary Of Complaint

Plaintiff was incarcerated at Sierra Conservation Center ("SCC") in Jamestown, California, where the events giving rise to this action occurred. Plaintiff names as Defendants Doctor Steven Smith and Doctor Jack St. Clair. Plaintiff also names various Doe Defendants, supervisory officials who are successors and responsible for training and supervision.

Plaintiff alleges the following. On March 16, 2010, Plaintiff met with Defendant Smith to explain that he was having trouble breathing. Pl.'s Compl. ¶ 10. Plaintiff wanted to be sure that the breathing issues were not due to asthma. *Id.* Plaintiff explained that he suffered stomach pains that would not allow him to do any normal, every day physical activity. *Id.* Defendant Smith did not conduct an examination, but instead told Plaintiff to not work out so hard. Plaintiff was then sent back to his living quarters. *Id.* Plaintiff was issued a medical classification chrono, limiting his activity to light or limited duty jobs, not to work around noxious/hazardous fumes, and did not need medical consultation. *Id.* ¶ 11.

On March 22, 2010, Plaintiff had severe abdominal cramping, cold sweats, and blood vomiting. *Id.* ¶ 12. Plaintiff was not able to get to the bathroom on his own. *Id.* After several hours, Plaintiff was finally taken to the SCC infirmary for medical assistance. *Id.*

At the prison clinic, Plaintiff was considered a non-emergency, and provided only a wastebasket for vomit. *Id.* ¶ 13. Plaintiff was finally called in to see the doctor. *Id.* Plaintiff was given a shot of medication to stop the vomiting, and then was sent back to his living quarters without further examination. *Id.* Plaintiff still continued to vomit, and was in excruciating pain. *Id.* Plaintiff's suffering worsened, as he continued to have chills, vomiting of blood and bile, and cramping of his abdominal section. *Id.* ¶ 14. On March 23, 2010, inmates found Plaintiff collapsed on the floor in his bed area. *Id.* ¶ 15. Plaintiff was apparently cold to the touch, and vomit was all over the floor around Plaintiff. *Id.* Inmates eventually constructed a white flag to attract the attention of correctional officers. *Id.* A correctional officer and nurse arrived and placed Plaintiff in a wheelchair. *Id.* Plaintiff was then escorted to the SCC infirmary. *Id.*

///

1    Plaintiff was again made to wait several hours before he was eventually seen.  Defendant
2 St. Clair provided a different shot of medication, for nausea.  *Id.* ¶ 16.  Plaintiff pled for pain
3 relief medication and that he not be returned to the dorm, however Defendant St. Clair sent him
4 back without further treatment or evaluation.  *Id.*  Plaintiff's vomiting and pain continued to
5 worsen.  *Id.*  Plaintiff became extremely pale, his lips white and dehydrated, and his skin clammy
6 and sweaty.  *Id.*

7    On March 24, 2010, Plaintiff was delirious and moaning for help.  *Id.* ¶ 17.  After much
8 begging, Plaintiff made it out of the door with help from fellow inmates, and arrived at SCC
9 medical.  *Id.*  Plaintiff was again treated as a routine, non-emergency.  *Id.* ¶ 18.  Medical staff
10 attempted to take blood from Plaintiff's arm, but could not because it had coagulated.  *Id.*
11 Defendant St. Clair ordered x-rays be taken, which revealed that Plaintiff had a collapsed lung,
12 and his intestinal tract was nearing rupture.  *Id.*

13    Plaintiff was then rushed to a hospital in Manteca, California.  *Id.* ¶ 19.  At the hospital,
14 doctors informed Plaintiff that he required surgery or he would die.  *Id.* ¶ 20.  Plaintiff consented
15 to surgery, which resulted in the removal of several feet of intestine and bile and blood from his
16 stomach.  *Id.*  The doctors informed Plaintiff that he had nearly died and should have been
17 brought to the hospital much earlier.  *Id.* ¶ 21.  On April 2, 2010, Plaintiff returned to SCC from
18 the outside hospital and placed in the prison's outpatient hospital unit.  *Id.* ¶ 22.

19    Plaintiff was informed that he could obtain pain medication from the yard pill line.  *Id.*
20 Plaintiff was still suffering from excruciating pain following the surgery.  *Id.* ¶ 23.   Plaintiff
21 attempted to obtain pain medication from the yard pill line, but was denied by nursing staff, who
22 told Plaintiff to refrain from manipulating staff to obtain drugs.  *Id.*  Plaintiff attempted several
23 times to obtain drugs without success.  *Id.* ¶ 24.  Plaintiff was denied pain medication for several
24 weeks.  *Id.*

25    On April 30, 2010, Plaintiff was scheduled to meet Defendant Smith.  *Id.* ¶ 25.  Plaintiff
26 asked Defendant Smith if he recalled the March 16, 2010 visit with Plaintiff.  *Id.*  Defendant
27 Smith responded that he did and apologized for not looking into the matter further.  *Id.*
28 Defendant Smith stated that he had not conducted a thorough exam because he thought Plaintiff's

3

symptoms were related to asthma. *Id.* Defendant Smith acknowledged that a proper diagnosis and treatment at an earlier stage would have prevented much of Plaintiff's suffering. *Id.* Plaintiff cannot find any medical records documenting the March 16 or March 22 visits. *Id.* ¶ 26. Plaintiff contends a violation of the Eighth Amendment, denial of medical care, and negligence. Plaintiff requests as relief compensatory and punitive damages and costs of suit.[1]

### III.   Exhaustion Of Administrative Remedies

Defendants contend that Plaintiff failed to exhaust administrative remedies as to his claims against Defendant St. Clair. Defs.' Mem. P. & A. 2:25-5:17.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal

---

[1] Plaintiff is proceeding pro se, and thus not entitled to any attorney fees.

without prejudice. *Id.*

The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendants contend that Plaintiff's grievance, No. SCC-20-10-10353 alleged that Defendant Smith provided Plaintiff with inadequate medical care in March 2010, and as a result, Plaintiff had to endure emergency surgery. Defs.' Mem. P. & A. 4:25-5:15. Defendants contend that there is no mention of Plaintiff's claims against Defendant St. Clair. *Id.* Defendants attach declarations from L. D. Zamora, Chief of the Office of Third Level Appeals-Healthcare, and C. O'Leary, staff services analyst of medical department at SCC. Attached to C. O'Leary's declaration is a copy of SCC-20-10-10353. C. O'Leary Decl., Ex. A., Doc. 15. L. D. Zamora's declaration attests that Plaintiff's grievance No. SCC-20-10-10353 was appealed to the third level. Plaintiff contends that he is not required to name Defendant St. Clair in his grievance, citing to former section 3084.5 of Title 15 of the California Code of Regulations. Pl.'s Opp'n 7:13-9:24.

1    A review of that grievance indicates that Plaintiff alleged claims against Defendant Smith
2 on March 16, 2010.  Plaintiff also alleges claims regarding incidents on March 22, 2010 and
3 March 23, 2010.  According to the grievance, Plaintiff was suffering abdominal cramps, cold
4 sweats, and vomiting on March 22, 2010.  This led to a call to medical ("man down").  Plaintiff
5 was taken to medical where his condition continued.  Plaintiff was given a shot to stop him from
6 vomiting and he was then sent back on his way.  Plaintiff continued to be sick on March 23,
7 2010.  Plaintiff was again man down.  Plaintiff received medication to stop his vomiting, and
8 sent back to his dorm.  Plaintiff requested compensation for his pain and suffering.

9    Based on a review of the grievance, Plaintiff complied with the requirements of CDCR's
10 grievance process, as required by providing prison officials with notice of the problem and the
11 action requested.  *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("The primary purpose
12 of a grievance is to alert the prison to a problem and facility its solution").  Defendants' argument
13 that Plaintiff failed to notify CDCR of any of his allegations pertaining to Defendant St. Clair is
14 without merit.  The only thing Plaintiff did not do was to name Defendant St. Clair in the
15 grievance, which he was not required to do under CDCR's regulations.  Defendants' motion to
16 dismiss for Plaintiff's supposed failure to exhaust administrative remedies should be denied.

17 **IV.    Failure To State A Claim**

18    Defendants also contend that Plaintiff has failed to state a claim against Defendants Smith
19 and St. Clair.  Defs.' Mem. P. & A. 5:20-7:25.  "The focus of any Rule 12(b)(6) dismissal . . . is
20 the complaint."  *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).
21 In considering a motion to dismiss for failure to state a claim, the court must accept as true the
22 allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S.
23 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the
24 motion, and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421
25 (1969).  The federal system is one of notice pleading.  *Galbraith v. County of Santa Clara*, 307
26 F.3d 1119, 1126 (9th Cir. 2002).

27    Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim
28 showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a).  Detailed factual

6

allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* The Court will first address Plaintiff's claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.[2]

### A. Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

---

[2] Plaintiff also lists a cause of action for violation of 42 U.S.C. § 1983. Compl. ¶¶ 45-51. This cause of action is redundant because Plaintiff already lists a cause of action for violation of the Eighth Amendment, and § 1983 is the statute used to vindicate rights under the United States Constitution.

matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Based on Plaintiff's allegations, Plaintiff fails to state a federal claim against either Defendant. Regarding Defendant Smith, Plaintiff has alleged at most negligence, which is insufficient to state a claim for deliberate indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Based on the allegations, Defendant Smith assumed that Plaintiff's symptoms were related to asthma, and prescribed medication accordingly. This does not demonstrate that Defendant Smith knew of a substantial risk of serious harm and disregarded it. Regarding Defendant St. Clair, based on the allegations, Plaintiff was provided nausea medication to treat his symptom of vomiting. This does not demonstrate that Defendant St. Clair knew of a substantial risk of serious harm and disregarded it.

Accordingly, Plaintiff fails to state a federal claim against both Defendants, and the Court recommends dismissal of his Eighth Amendment claim.

### B.  Supervisory Liability

Defendants further contend that Plaintiff fails to allege any supervisory liability against any Defendants. Defs.' Mem. P. & A. 8:28-11:2. Plaintiff appears to allege supervisory liability for the conduct of nursing staff in failing to provide Plaintiff with pain medication.

The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's allegations fail to demonstrate that Defendant St. Clair or Defendant Smith personally participated in the alleged constitutional deprivation; knew of the violations and failed to act; or implemented a constitutionally deficient policy that was the moving force of the violation. *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045. Plaintiff's arguments to the contrary are unavailing. Plaintiff's claims against all supervisory Doe defendants fails for the same reason.[3]

### C.     Amend Or Remand

Plaintiff may be able to cure the deficiencies identified in these Findings and Recommendations. Plaintiff will be provided an opportunity to amend his complaint regarding his federal claims. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). However, if Plaintiff decides to not proceed on his federal claims, the Court will recommend dismissal of the federal claims and remand this action to Tuolumne County Superior Court for consideration of Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1447(c) ( "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." ); *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Plaintiff will be required either to file a first amended complaint or notify the Court that he does not wish to proceed on his federal claims, only his state law claims. If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations

---

[3] The Court expresses no opinion regarding the merits of Plaintiff's state law claims.

9

must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

## V.     Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed June 28, 2011, should be GRANTED as to Plaintiff's failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983;

2. Plaintiff's Eighth Amendment claim and supervisory liability claim be dismissed with leave to amend;

3. Defendants' motion to dismiss should be DENIED as to exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a); and

4. Plaintiff be required, within thirty days from the date of service of the District Judge's order resolving these Findings and Recommendations, either to:

    a. File and serve a first amended complaint, curing the deficiencies identified; or

    b. Notify the Court that he does not wish to proceed on his federal claims in this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 20, 2011**                             **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE